JOHN RENOTAS et al. *v.* WILLIAM M. STORM.
[No. 59, April Term, 1932.]

*Decided June 22nd, 1932.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Leo Weinberg,* for the appellants.

*William M. Storm,* with whom was *Frank L. Stoner* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The owners of certain real estate in Frederick leased a storeroom on the property to the appellants for a term of three years from November 1st, 1931, with the privilege of renewal for two additional years provided the property had not been sold. Shortly after the execution of the lease a pre-existing mortgage on the land and building was foreclosed. The lessees excepted to the ratification of the foreclosure sale on the ground of an alleged fraudulent conspiracy between the mortgagee and the mortgagors to deprive the exceptants of the benefit of their lease. The appeal is from an order overruling the exceptions and ratifying the sale.

When the lease was executed, the mortgage had been long overdue. It was dated August 20th, 1929, and secured a promissory note of the mortgagors for $24,780.56, payable six months after date, with interest at six per cent. The mortgagee was a national bank. Prior to its action for the foreclosure of the mortgage, it had requested the mortgagors to reduce the amount of the indebtedness, and the bank examiner had criticized the continuance of the loan without curtailment. After the execution of the lease to the appellants, and while they were preparing to take possession of the storeroom for use as a restaurant, the proprietor of a similar business, conducted in an adjacent building, offered the mortgagors $28,000 for their property. This was considered a highly advantageous offer. But the mortgagors were not in a position to accept it and convey the title with right of immediate possession, since the lease to the appellants was then in force. Efforts by the mortgagors to make a settlement with the appellants were not successful. While the bank knew of the $28,000 offer when the foreclosure proceeding under the mortgage was instituted, the evidence is convincing that it acted in good faith, and for the reasonable protection of its interests, in providing for the exercise of the power of sale. The charge of conspiracy and collusion between the bank and the mortgagors is distinctly refuted by the proof in the record. The decision of the bank to foreclose was imminent before it had any knowledge that the lease was in existence,

and there was no action whatever by the bank which could have misled the appllants to their prejudice. It was not consulted as to the execution of the lease and had no relations of any kind with the lessees. There is consequently no ground upon which to sustain the theory of estoppel which the appellants advance.

The mortgagors were undoubtedly desirous of benefiting by a sale at the high price offered by the adjoining proprietor. It would satisfy the mortgage and relieve them of their individual responsibility on the note which that lien was intended to secure. But they had already stated to the bank their inability to reduce the mortgage debt, and interest on it was in arrears. If it may be supposed that a sale under the mortgage might not have been made at that particular time, in the absence of the assurance, afforded by the pending offer, that a satisfactory price could be realized, there would be no justification for a refusal by the court to permit the bank to avail itself of the opportunity thus presented. To reject the sale on the ground of the objections urged by the appellants would give undue consideration to their lease as against the recorded lien of the previously existing mortgage. It would seriously and unwarrantably impair the mortgagee's legal and contracted rights. In the opinion and ruling of the lower court to that effect we fully concur.

*Order affirmed, with costs.*